The document below is hereby signed.

Signed: April 24, 2015



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK L. LEZELL, | ) | Case No. 15-00104 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION TO DISMISS INVOLUNTARY
PETITION AND MOTION FOR A RECOVERY OF ATTORNEY'S FEES

The petitioners in this involuntary case filed their petition without counsel. As the petitioners were well aware, the District Court had ruled that resolution of their claims required a jury trial in *Ying Qing Lu, et al. v. Mark Lezell, et al.*, Civil Action No. 11-1815 (JEB), pending in the United States District Court for the District Of Columbia. (Indeed, they filed the petition two business days before that jury trial was scheduled to be held.) Accordingly, as they should have known, they were not eligible to be petitioners because their claims were "the subject of a bona fide dispute as to liability or

amount" within the meaning of 11 U.S.C. § 303(b)(1), namely, the dispute that required a jury trial in the District Court in order for the existence of any liability and the amount of any damages to be fixed.  The petition, therefore, was an improper petition, and must be dismissed.  The opposition to the motion to dismiss sets forth no grounds convincing me to the contrary.

In addition, the petition violated Rule 9011(b) of the Federal Rules of Bankruptcy Procedure.  The petitioners were aware of the bona fide dispute regarding their monetary claims against the debtor.  Under Rule 9011(b)(2), their petition was not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."  That alone makes sanctions appropriate.  Moreover, under Rule 9011(b)(3), there was no evidentiary support for their contention that the claims were not the subject of a bona fide dispute, and they did not identify the contention as one that was "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery," and this too is a basis for awarding sanctions.  In addition, sanctions are warranted under 11 U.S.C. § 303(i).

The filing of the involuntary petition subjected the debtor to the expense of having to obtain the lifting of the automatic stay and of having to pursue the motion to dismiss.  In the debtor's motion to dismiss and motion for relief from the

2

automatic stay, the debtor seeks attorney's fees and expenses necessitated by the filing of the involuntary petition. The limitations contained in Rule 9011(c)(1)(A) do not apply to attorney's fees sought when the misconduct alleged is the filing of the petition in violation of Rule 9011(b). Accordingly, it was appropriate to seek such fees in the motion to dismiss and in the motion for relief from the automatic stay. The opposition throws around the words premature, untimely, frivolous, wasteful, and so forth, but those conclusory assertions show no basis for denying sanctions. The opposition also invokes many of the allegations of wrongdoing made against the debtor in the District Court litigation, but those allegations have no bearing on the debtor's entitlement to sanctions.

In addition, Rule 9011 sanctions are appropriate with respect to the petitioners' attorney. The request in the debtor's two motions for an award of attorney's fees necessarily applied to any attorney who later advocated the validity of the petition, but as a matter of due process the court ruled that the attorney was entitled to notice of the opportunity to oppose the request for sanctions. Upon receiving that notice, the petitioners' attorney filed the petitioners' opposition to the imposition of sanctions, but that opposition (as noted above) sets forth no grounds for denying the request for sanctions. After the petition was filed on February 25, 2015, the

3

petitioners' attorney advocated the validity of that petition, when any reasonable inquiry under the circumstances should have revealed to him that the contention that the petitioners hold claims that were not the subject of a bona fide dispute at the time of filing of the petition flunked Rules 9011(b)(2) and 9011(b)(3) (as discussed above).

It follows that the petition must be dismissed, and that sanctions ought to be awarded to the debtor against the petitioners and their attorney in the form of an award of the attorneys' fees and expenses incurred by reason of the filing of the petition.

In the debtor's reply to the opposition, the debtor seeks attorneys' fees of $10,063.00 and expenses of $176.  Orders follow dismissing the petition, and directing that the debtor recover the debtor's reasonable attorney's fees and expenses incurred by reason of the petition, and that any objection to the reasonableness of the $10,0653.00 in fees and $176 in expenses

sought by the debtor be filed within 14 days after the entry of the orders.

[Signed and dated above.]

Copies to: All recipients of e-notice;

Ning Ye, Esq.
36-26A Union Street, # 3F
Flushing, New York 11354