The document below is hereby signed.

Signed: June 11, 2015



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK L. LEZELL, | ) | Case No. 15-00104 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION DECLINING TO SET DEADLINE TO PAY
JUDGMENT AWARDING ATTORNEY'S FEES AND EXPENSES TO DEBTOR

The debtor requests that the court set a deadline for the petitioners and their attorney to pay the monetary judgment being entered against those entities for violation of Rule 9011 and pursuant to 11 U.S.C. § 303(i). It would be advantageous for the debtor to have the court set a deadline for payment of the judgment: refusal to comply with an order of the court can constitute a contempt of court, with civil contempt sanctions available to enforce compliance.

I will deny the debtor's request. The following statement in *In re Pilate*, 487 B.R. 345, 349 n.2 (Bankr. D.D.C. 2013), applies equally here:

> A monetary judgment, in contrast to a turnover order, generally may not be enforced by the court's contempt powers. *See, e.g., Combs v. Ryan's Coal Co., Inc.*, 785

> F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that
> when a party fails to satisfy a court-imposed money
> judgment the appropriate remedy is a writ of execution,
> not a finding of contempt."). . . . Although there are
> exceptions to the rule, see Rockstone Capital, LLC v.
> Walker-Thomas Furniture Co., Inc. (In re Smith), 2007 WL
> 2429450, *2 (Bankr. D.D.C. Aug. 23, 2007), they do not
> appear to be applicable here.

Once the debtor pursues execution remedies it may become appropriate for him to seek contempt sanctions. For example, civil contempt sanctions may be appropriate if a judgment debtor fails to comply with orders designed to facilitate recovery of assets that are a potential source for paying the judgment, but that issue would arise only once the holder of the judgment seeks such an order incident to its rights of execution.

The debtor may fear that without a deadline set for paying the judgment the petitioners and their attorney will force the debtor to incur additional attorney's fees in pursuing collection of the judgment. The petitioners and their attorney are warned that failure to pay the judgment may lead to an award of further attorney's fees. The court's judgment expressly does not preclude the debtor from seeking additional attorney's fees in the event that the judgment is not paid within the 7 days that the court has stayed enforcement of the judgment. However, I do not decide at this juncture whether, incident to either 11 U.S.C. § 303(i) or Rule 9011, it is appropriate to award fees incurred in attempting to recover a judgment for fees. *See Adell v. John Richards Homes Bldg. Co., L.L.C. (In re John Richards Homes Bldg.*

*Co., L.L.C.*), 552 Fed. Appx. 401 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 2136, 188 L. Ed. 2d 1125 (2014) (holding § 303(i) allows recovery of fees incident to collecting a prior judgment awarding fees under § 303(i));  *DVI Receivables XIV, LLC v. Rosenberg (In re Rosenberg)*, 779 F.3d 1254, 1264-65 (11th Cir. 2015) (similar).  *But see Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 708-09 (9th Cir. 2004).

[Signed and dated above.]

Copies to: All recipients of e-notice;

Ning Ye, Esq.
36-26A Union Street, # 3F
Flushing, New York 11354