The document below is hereby signed.

Signed: July 14, 2015



_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARK L. LEZELL, | ) | Case No. 15-00104 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
<u>URGENT MOTION TO REOPEN OR RE-CALENDAR</u>

On July 9, 2015, the petitioners, through counsel, filed an *Urgent Motion to Reopen or Re-Calendar*. The *Motion* requests the court to "reopen" the court's *Order of Dismissal* entered on April 24, 2015, dismissing this case, and the *Judgment Awarding Attorney's Fees and Expenses to Debtor* entered on June 11, 2015, or, in the alternative that the court re-calendar the *Order of Dismissal* and the *Judgment Awarding Attorney's Fees and Expenses to Debtor* as entered in July 2015. The basis for the *Motion* is an alleged failure of the petitioners' counsel to receive the *Order of Dismissal* and the *Judgment Awarding Attorney's Fees and*

*Expenses to Debtor*, as well as another *Order* entered on April 24, 2015, that set a deadline of May 8, 2015, to oppose the reasonableness of the fees and expenses sought by the debtor.[1]

The petitioners' counsel alleges he received no e-mail notification of those documents.  However, he filed papers in paper form and was not a registered e-filer in this court.  Accordingly, he was not entitled to e-mail notification of orders.

The petitioners' counsel also contends that his office did not receive the mailed copies of the documents.  However, the docket includes certificates of mailing showing that the documents were mailed to him, at his address of record, by the Bankruptcy Noticing Center (in each instance, two days after entry of the document).  His office's non-receipt of the documents does not demonstrate that the documents were not mailed.  Moreover, under Fed. R. Bankr. P. 9022(a), lack of notice of the entry of an order or judgment "does not affect the

---

[1]  The *Motion* requests the court:

to Reopen the Case or Alternatively, Re-calendar the date of decisions regarding the Hon. Court's April 26, 2015 [sic] Decision awarding Respondents' Motion for Dismissal of Involuntary Bankruptcy Petition and awarding $10,653.00 fee and $176 Expenses, (ECF Doc. #38) and 06/14/2015 [sic] Judgment Awarding Fees to Debtors/Respondents (ECF Doc. #44), and similar Decisions regarding sanctions, against which Petitioners failed to respond within the Court designated deadline due to Court's failure of Notice . . . .

time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." "Re-calendaring" the *Order of Dismissal* and the *Judgment Awarding Attorney's Fees and Expenses to Debtor* as entered in July 2015 would violate Rule 9022(a).

In support of his contention that his office did not receive the documents, the petitioners' attorney submitted an employee's affidavit that recites:

> I also double checked the records of this Firm's incoming ordinary mails and my conclusion is this firm did not receive any paper mails from the U.S. Bankruptcy Court for the District of Columbia during the same period, i.e., from March 1, 2015 through July 6, 2015. The address of this Law office is "3626A Union Street", the suffix "A" after 3626 has since caused misdelivery of the mails from time to time. Sometimes, I also received mails which should be accurately delivered to "3626 Union Street" instead of "3626A Union Street."

If, as this suggests, the petitioners' counsel has an address that results in mail mis-deliveries, he should have been monitoring the docket via his PACER account. Clearly he was aware of at least one document mailed to him, a *Notice to Party Filing Deficient Pleading or Document* (Dkt. No. 32) issued on March 31, 2015, and mailed to him on April 2, 2015. On April 6, 2015, he filed a document (Dkt. No. 34) curing the deficiency that the *Notice* had addressed. Either he received that copy of the *Notice* or learned of it in some other way. If he did not receive the copy of the *Notice* mailed to him (and learned of it in some other way), he should have been acutely aware that he

3

needed to monitor the docket.  Moreover, his address of record was:

>   36-26A Union Street, # 3F
>   Flushing, New York 11354

However, the affidavit quoted above states that the address is "3626A Union Street" and that discrepancy may be the cause of any failure to receive documents mailed to the address of record.

In conclusion, the *Motion* fails to set forth adequate grounds for the relief it seeks.  It is thus

ORDERED that the *Urgent Motion to Reopen or Re-Calendar* (Dkt. No. 47) is DENIED.

[Signed and dated above.]

Copies to: All recipients of e-notice;

Ning Ye, Esq.
36-26A Union Street, # 3F
Flushing, New York 11354